a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALFONSO CAMPA-QUINTANILLA, Petitioner | CIVIL ACTION NO. 1:18-CV-1368-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Alfonso Campa-Quintanilla ("Campa-Quintanilla") (#22413-179). Campa-Quintanilla is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Campa-Quintanilla challenges the calculation of his sentence by the BOP.

Because Campa-Quintanilla has received all the credit to which he is legally entitled, his petition should be denied and dismissed.

I. **Background**

Campa-Quintanilla was arrested by Texas authorities for failing to identify or giving false information and evading arrest. (7:14-cr-1329, S.D. Tex., Doc. 31). On July 29, 2014, Campa-Quintanilla was convicted and sentenced to 30 days of imprisonment. After completing the sentence, Campa-Quintanilla remained in state custody for a pending parole violation. (Doc. 1-2, p. 6).

Campa-Quintanilla was indicted in the United States District Court for the Southern District of Texas on one count of illegal reentry of a deported alien, 8 U.S.C.

§ 1326. (7:14-cr-1329, S.D. Tex., Doc. 1). On September 10, 2014, Campa-Quintanilla was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. (7:14-cr-1329, S.D. Tex., Doc. 6). Campa-Quintanilla pleaded guilty and was sentenced to 70 months of imprisonment. (7-14-cr-1329, S.D. Tex., Doc. 25). On December 24, 2014, Campa-Quintanilla was discharged from state custody. (Doc. 1-2, p. 6).

II. <u>Law and Analysis</u>

Campa-Quintanilla seeks credit toward his federal sentence for time spent in primary state custody. The authority to grant or deny credit for time served is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. See <u>U.S. v. Wilson</u>, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See <u>Pierce v. Holder</u>, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. <u>See</u> 18 U.S.C. § 3584(a); <u>U.S. v. Jack</u>, 566 Fed. Appx. 331, 332 (5th Cir. 2014); <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir. 2003). Campa-Quintanilla's criminal judgment did not order his federal sentence to run concurrent to any state sentence. Therefore, Campa-Quintanilla's sentence is presumed to run consecutive to his state criminal sentences.

Title 18 U.S.C. § 3585 provides that a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. It also provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Although Campa-Quintanilla was transferred to federal authorities on September 10, 2014, it was through a writ of habeas corpus *ad prosequendum*. "A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980)). Thus, despite the transfer, Campa-Quintanilla remained in primary state custody until he was discharged by the state.

Campa-Quintanilla's federal sentence commenced when his state sentenced was completed, on December 23, 2014. Campa-Quintanilla can only receive credit for time spent in custody prior to December 23, 2014, that was not credited toward another sentence. Campa-Quintanilla received state credit for his imprisonment up to December 23, 2014. Therefore, he cannot also receive federal credit for that time.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Campa-Quintanilla's § 2241 petition be DENIED and DISMISSED with prejudice, as he has received all the federal credit to which he is entitled.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of December, 2018.

                                                  Joseph H.L. Perez-Montes
                                                  United States Magistrate Judge